BANCO COMERCIAL DE PUERTO RICO, demandante y apelado, *v.* EVARISTA DIEZ Y GONZÁLEZ VIUDA DE FERNÁNDEZ, JOSÉ A., MANUEL E. y BENIGNO C. FERNÁNDEZ DIEZ y JOSÉ MOREDA CIFUENTES, demandados y apelantes.

No. 4445.—*Sometido:* Abril 20, 1928. *Resuelto:* Mayo 31, 1929.

*M. Tous Soto,* abogado de los apelantes; *Oscar Souffront,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante trata de recobrar el importe adeudádole por concepto de dos pagarés que se describen en la demanda. Uno de éstos fué expedido a la òrden de José Moreda Cifuentes, y fué endosado por éste a favor del banco. Los otorgantes son Evarista Diez y González Viuda de Fernández, José Antonio, Benigno Claudio, y Manuel Evaristo Fernández Diez. El otro es un pagaré mancomunado y solidario pagadero directamente al banco y suscrito por Benigno C. Fernández, Manuel E. Fernández, José Moreda, Evarista Diez Viuda de Fernández, y José A. Fernández.

En el primero de estos pagarés se expresa que se había otorgado una hipoteca de igual fecha sobre un predio de terreno radicado en Maricao y sobre una finca urbana sita en Mayagüez, con el fin de garantizar el pago del mismo y de otras obligaciones. El actor también alega que esta hipoteca contenía un convenio para pagar $500 como honorarios de abogado en caso de que se entablara litigio por concepto del pagaré. Empero, el caso que tenemos a la vista no es un procedimiento ejecutivo hipotecario. Es una acción puramente personal.

El 5 de octubre, José A. Fernández Diez y Evarista Diez, residentes en San Juan, y Manuel E. Fernández, quien vive en Nueva York, solicitaron el traslado del pleito. La moción iba acompañada de un *affidavit* de méritos suscrito por José Fernández, y hacía alusión a una declaración jurada suscrita por Benigno C. Fernández y José Moreda Cifuentes, ya radicada en apoyo de una moción anterior presentada en septiembre. En esta declaración se alega el consentimiento formal de los declarantes al traslado propuesto.

En octubre 23, José A. Fernández Diez prestó otra declaración jurada al efecto de que la primera de las dos causas de acción alegadas en la demanda era en cobro de un pagaré garantizado con hipoteca sobre una finca urbana sita en la ciudad de Mayagüez; que con el objeto de efectuar la proyectada partición de las fincas poseídas en común pro indiviso, Benigno Claudio Fernández Diez había convenido con Evarista Diez y González, con Manuel Evaristo Fernández Diez y con el declarante aceptar como su participación un condominio en la finca rústica radicada en el municipio de Maricao, dejando que la finca urbana ubicada en Mayagüez fuera adjudicada a los otros condóminos; y que como resultado de esta estipulación, Benigno C. Fernández Diez no tenía interés en dicha primera causa de acción. Una declaración jurada suscrita por Benigno C. Fernández Diez y fechada el 22 de octubre, es al mismo efecto.

El demandante alega el otorgamiento de una hipoteca sobre dos fincas. En el pagaré, que se copia *verbatim* en la demanda como base para la primera causa de acción, se habla de una hipoteca sobre ambas fincas, una de las cuales se describe como una hacienda conocida con el nombre de ''Esperanza,'' sita en el municipio de Maricao, y la otra como una casa y solar formando esquina en la ciudad de Mayagüez. En la moción pidiendo el traslado del pleito no se hace mención alguna de ningún convenio relativo a la proyectada división de la finca hipotecada, y ninguna de las declaraciones juradas adicionales indica la fecha del convenio alegado, ni asevera definitivamente que la finca de Maricao no estuviera hipotecada para garantizar el pago del pagaré en cuestión.

Bajo las circunstancias, y dejando a un lado la cuestión relativa al efecto de tal convenio (de haberse efectuado antes de que se entablara el procedimiento) sobre la cuestión de partes demandadas necesarias o propias, esta idea posterior de los apelantes no exige seria consideración. Y de todos modos, el nombre de Benigno C. Fernández encabeza

la lista de las personas que suscribieron el segundo pagaré que no estaba garantizado con hipoteca alguna.

Benigno C. Fernández residía en Maricao, y José Moreda y Cifuentes, en Mayagüez. La moción de traslado se basaba en el consentimiento dado por estos demandados al traslado propuesto del litigio, pero en el alegato de los apelantes no se hace hincapié sobre este aspecto del caso. La acción fué debidamente entablada en el Distrito de Mayagüez, y el consentimiento de los demandados residentes en ese distrito no colocó a los demandados no residentes dentro de la letra de la ley que autoriza el traslado de pleitos, y, de acuerdo con la regla, tal como ha sido establecida en' California, la corte inferior no erró al declarar no haber lugar a la moción. 25 Cal. Jur. 879, párrafo 21, y los casos citados en la nota No. 3.

Si en lo sucesivo nos regiremos por esta regla o no, es cuestión que podrá resolverse al ser definitivamente levantada y debidamente desarrollada en algún caso futuro.

En el alegato de los apelantes, los letrados alegan extensamente que Moreda Cifuentes, como endosante de un pagaré garantizado con hipoteca, no es personalmente responsable del primero de los dos pagarés. Como medida preliminar a la posición así asumida, los apelantes tratan de eliminar la segunda causa de acción en lo concerniente a Moreda, alegando que él había depositado una cantidad suficiente para cubrir la reclamación mantenida por el demandante en la segunda causa de acción. No se especifica ni la fecha ni el importe del depósito así efectuado. Como hemos indicado ya, el segundo de los dos pagarés era solidario y mancomunado, y los autos que tenemos a la vista nada contienen que demuestre que se hiciera depósito alguno antes o después de que el juez de distrito resolviera la moción de traslado. La cuestión de si la corte cometió o no error al denegar la moción debe resolverse a virtud del estado de las alegaciones al tiempo de hacerse y resolverse la moción. 25 Cal. Jur. 907, párrafo 41.

De haber algún mérito en las abstractas cuestiones de derecho discutidas en el alegato de los apelantes, ello no decide la presente apelación.

*Debe confirmarse la resolución denegando el traslado.*